**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Shelly Williams, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND TRIAL BY JURY** |
| | ) | **DEMAND** |
| vs. | ) | |
| | ) | |
| Central Credit Services, Inc. and Equable | ) | |
| Ascent Financial, LLC fka Hilco | ) | |
| Receivables, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

**PARTIES**

4.      Plaintiff, Shelly Williams ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Pima, and City of Sahuarita.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Central Credit Services, Inc. ("CCS") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      CCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant, Equable Ascent Financial, LLC fka Hilco Receivables, LLC, ("EAF") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9.      EAF is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

10.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than CCS.

11.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than CCS, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12.      Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than CCS.

13.     CCS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14.     EAF purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15.     EAF acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16.     EAF is thoroughly enmeshed in the debt collection business, and EAF is a significant participant in CCS's debt collection process.

17.     In connection with an attempt to collect an alleged debt, Defendant Central Credit Services, Inc., itself and on behalf of Defendant Equable Ascent Financial, LLC ("Equable"), contacted Plaintiff directly via telephone call on April 19, 2011 at 1:03 P.M. and 1:15 P.M. and on April 20, 2011 at  4:47 P.M. and 5:26 P.M. after receiving notice dated March 2, 2011 that Plaintiff was represented by counsel with respect to said debt.

18.     Furthermore, Plaintiff informed Defendant that Plaintiff was represented by counsel during Defendant's telephonic communication on April 20, 2011 at 4:47 P.M., and yet, Defendant subsequently contacted Plaintiff on April 20, 2011 at 5:26 P.M. without making an attempt to contact Plaintiff's counsel.  (15 U.S.C. § 1692c(a)(2)); see also *Powers v. Professional Credit Services, Inc.*, 107 F. Supp. 2d 166, 169 (N.D.N.Y. 2000) (a creditor's actual knowledge can be imputed to a collection agent "when the creditor has such knowledge and fails to convey it to ... the debt collector.").

19.     Defendants' actions constitute conduct highly offensive to a reasonable person.

### COUNT I—VIOLATIONS OF THE FDCPA
### DEFENDANT CCS

20.     Plaintiff repeats and re-alleges each and every allegation above.

21.     Defendant CCS violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that CCS violated the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—VIOLATIONS OF THE FDCPA
### DEFENDANT EAF

22.     Plaintiff repeats and re-alleges each and every allegation above.

23.     Defendant EAF violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that EAF violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 11th day of July, 2011

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff